[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-10430
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 10, 2006
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00015-CR-1-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ROLAND CLARK,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Northern District of Florida

----------------------------------------------------------------

**(January 10, 2006)**

Before EDMONDSON, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

James Roland Clark appeals, after a jury trial, his 300-month sentence for

armed bank robbery, in violation of 18 U.S.C. § 2113(a), and his 60-month

consecutive sentence for use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). No reversible error has been shown; we affirm.

On appeal, Clark argues that his sentence is unreasonable under United States v. Booker, 125 S.Ct. 738 (2005). He contends that the district court failed to consider some of the sentencing factors set out in 18 U.S.C. § 3553(a): that a sentence not be greater than necessary to provide just punishment, to afford adequate deterrence, and to protect the public. Clark points to (1) his advanced age (he was 72 years old when sentenced), (2) his lack of a criminal record until age 50, (3) his earlier bank robbery convictions, which occurred within a two-year period from 1989 until 1990, resulted only in 151-month concurrent sentences, and accounted for all of his criminal history points, and (4) his recent diagnosis of Alzheimer's disease.

Clark was sentenced after the Supreme Court's decision in Booker. Post-Booker, we review a defendant's sentence for unreasonableness. Booker, 125 S.Ct. at 765.[1] In Booker, the Supreme Court directed sentencing courts to consider the factors set out in 18 U.S.C. § 3553(a) in fashioning a sentence under the advisory guidelines scheme. See Booker, 125 S.Ct. at 765-66. But recently we

---

[1] Clark does not challenge the district court's application of the Sentencing Guidelines or the calculation of the applicable Guidelines range.

have written that "nothing in Booker or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

We conclude that Clark's 360-month total sentence is not unreasonable. The 60-month sentence for use of a firearm during a crime of violence is a statutory mandatory minimum consecutive sentence. See 18 U.S.C. § 924(c)(1)(A)(i), (D)(ii). And Clark's 300-month bank robbery sentence was within the Guidelines range of 262 to 327 months' imprisonment. See 18 U.S.C. § 3553(a)(4) (stating that Guidelines range is one factor to consider). Moreover, the district court noted that it "fully considered the factors set out in the guidelines, including all of their policy statements." See 18 U.S.C. § 3553(a)(5) (policy statements of Sentencing Commission are relevant sentencing factors).

The district court determined that the sentence imposed was appropriate "because of [Clark's] atrocious criminal history." Clark's criminal history included the commission of many armed bank robberies. And we note that the present offense involved the execution of a well-planned bank robbery where Clark brandished a loaded gun and what later was determined to be a fake bomb. Also, although the district court did not comment on Clark's age or his mental

condition in imposing sentence, the district court undoubtedly was aware of these facts in the light of Clark's trial testimony and his sentencing objections about these matters.

In sum, the district court was not required to discuss each § 3553(a) factor. See Scott, 426 F.3d at 1329. And nothing in the record convinces us that Clark's sentence was unreasonable in the light of the § 3553(a) factors.

**AFFIRMED.**